## CIRCUIT COURT OF NELSON COUNTY

Hazel Cobb,
Patricia Martini,
and Faye Cash

v.

Emily S. Kesler et al.

Case No. CL06000320

In re Estate of
Douglas Ware Cash,
deceased

Case No. CWF03-0071

February 17, 2010

BY JUDGE J. MICHAEL GAMBLE

On February 2, 2010, I ruled on the exceptions to the final accounting of Hazel Cobb and Patricia Martini. The only issue that I did not rule upon is the award of attorney's fees in the amount of $8,412.50 to Mr. Roger Amole's firm.

Mr. Glenn Hilton represents Katlin Elizabeth Cash, a child of the decedent. He previously served as the guardian of Miss Cash before she became an adult. Mr. Hilton, on behalf of Miss Cash, timely filed exceptions to the final accounting of Ms. Cobb and Ms. Martini.

In her exceptions, Katlin Elizabeth Cash, excepted to disbursements of attorney's fees in the amount of $18,060.25. However, $9,647.75 of these attorney's fees were approved by the Commissioner of Accounts in the initial accounting approved on July 23, 2009. No exceptions were taken to this accounting in the time limits imposed by § 26-33 and § 26-34 of the Code of Virginia. Accordingly, the only issue concerns the accounting now pending before the court involving the disbursement of $8,412.50 in attorney's fees.

Va. Code § 26-30 provides that a fiduciary is entitled to reimbursement of "any reasonable expenses incurred." Further, the Supreme Court of Virginia has held that a fiduciary may seek the aid of counsel in the execution of his duties when there is some reasonable ground that renders the employment of counsel "reasonably necessary to aid the executor in the performance of his duties." *Clare v. Grasty*, 213 Va. 165, 170, 191 S.E.2d 184 (1972). Accordingly, the court, in this case, must determine whether the fees charged by Mr. Amole since the first accounting by the current fiduciaries were reasonably necessary to aid the executors in the performance of their duties.

In this respect, I have reviewed the statement for services rendered by Mr. Amole to the estate. While, at first glance, a number of the charges are for work that would be considered the ordinary duty of a fiduciary, the court must consider this in the context of the case. In this case, the first fiduciary, Emily Smith Cash (Kesler) did not adequately perform her duties as administrator. This resulted in the estate having numerous legal entanglements. This was further complicated by the fact that her daughter, a child of the decedent, was a minor. The new fiduciaries, Ms. Cobb and Ms. Martini, required the constant assistance of counsel to address all of the legal issues that were being raised. Further, they did not seek any compensation for themselves as fiduciaries.

Accordingly, I find that the attorney's fees incurred by the current fiduciaries were reasonably necessary to aid them in the performance of their duties. Based upon this ruling and the earlier rulings, the final accounting is affirmed, and the exceptions are overruled.